## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| BROCK WILLIAM CURTS | |
| Plaintiff, | |
| -vs- | |
| EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, PERPAY, INC., and L J ROSS ASSOCIATES, INC., | CASE NO. |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, BROCK WILLIAM CURTS (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), PERPAY, INC. (hereinafter "Perpay"), and L J ROSS ASSOCIATES (hereinafter "LJ Ross") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.     Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.     Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.     When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.      Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

1.      Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

2.      Plaintiff is a natural person and resident of Wells County in the State of Indiana. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

3.      Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

4.      Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

3

5. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

6. Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

7. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Experian disburses such consumer reports to third parties under contract for monetary compensation.

9. Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

10. Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4

8.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

9.    Perpay is a corporation headquartered at 2400 Market Street, Suite 300, in Philadelphia, Pennsylvania 19103 that upon information and belief conducts business in the State of Georgia.

10.    Perpay is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

11.    Perpay furnished information about Plaintiff to the CRAs that was inaccurate.

12.    LJ Ross is a corporation with its principal place of business in the State of Michigan and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

13.    LJ Ross is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

14.    LJ Ross furnished information about Plaintiff to the CRAs that was inaccurate.

## FACTUAL ALLEGATIONS

15.    Plaintiff had a revolving line of credit with Perpay, partial account number ending x5202 (hereinafter "Perpay Account"), as to a charge account.

5

16.     Plaintiff is alleged to owe a debt to LJ Ross, partial account number ending x9775, (hereinafter "LJ Ross Account") as to a collection account on behalf of original creditor Flagstar Bank.

17.     Plaintiff had a joint checking account with his wife at Flagstar Bank.

18.     In or about the early 2000s, someone deposited a fraudulent check in the amount of $1,000 into Plaintiff's joint account at Flagstar Bank and immediately withdrew $1,000.

19.     Plaintiff disputed this fraudulent transaction with Flagstar Bank but despite the fraudulent check not even being endorsed on the back, Flagstar Bank still found Plaintiff responsible.

20.     LJ Ross is now seeking to collect the outstanding erroneous debt of Flagstar Bank.

21.     In or about September 2022, Plaintiff opened the Perpay Account and made timely payments through his paychecks issued by ADP.

22.     However, the payments to the Perpay Account were applied to an unknown account, and despite Plaintiff's best efforts, Perpay refused to correct the error.

23.     In or about July 2023, Plaintiff and his wife were preparing to purchase a home. However, Plaintiff's application for a mortgage was denied due to negative items within his credit file.

6

24.     Shortly thereafter, Plaintiff reviewed his credit reports and became aware of the erroneous Perpay Account and LJ Ross Account. Plaintiff also observed addresses, names, employer information, and hard inquiries which did not belong to him.

25.     In or about July/August 2023, Plaintiff contacted Equifax to dispute the erroneous personal identifying information and hard inquiries appearing in his credit file. Further, Plaintiff disputed the Perpay Account and LJ Ross Account.

26.     On or about August 8, 2023, Equifax responded to Plaintiff's dispute by stating it deleted an address and name from his credit report. Further, the Perpay Account and LJ Ross Account were both verified as accurate.

27.     On or about August 10, 2023, Equifax responded that it had deleted four (4) addresses, erroneous employer information, and fourteen (14) hard inquiries from Plaintiff's credit file.

28.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

29.     Equifax never attempted to contact Plaintiff during the alleged investigation.

30.     Upon information and belief, Equifax notified Perpay of Plaintiff's dispute. However, Perpay failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

31.    Upon information and belief, Equifax notified LJ Ross of Plaintiff's dispute. However, LJ Ross failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

32.    In or about October/November 2023, Plaintiff again contacted Equifax to dispute the erroneous reporting.

33.    On or about November 15, 2023, Equifax responded to Plaintiff's dispute only by stating it had updated employer information in his credit file and deleted sixteen (16) hard inquiries. Equifax did not provide any dispute results as to the Perpay Account and LJ Ross Account.

34.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

35.    Equifax never attempted to contact Plaintiff during the alleged investigation.

36.    Around this time, Plaintiff also contacted Experian and Trans Union to dispute the erroneous Perpay Account and LJ Ross Account.

37.    Plaintiff did not receive dispute results from Experian. However, upon review of his updated credit report, Plaintiff observed the Perpay Account and LJ

Ross Account continued to appear in his credit file. Further, the LJ Ross Account was reported with a comment which indicated the account was previously in dispute and verified as accurate.

38.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

39.    Experian never attempted to contact Plaintiff during the alleged investigation.

40.    Upon information and belief, Experian notified Perpay of Plaintiff's dispute. However, Perpay failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

41.    Upon information and belief, Experian notified LJ Ross of Plaintiff's dispute. However, LJ Ross failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

42.    Plaintiff did not receive dispute results from Trans Union. However, upon review of his updated credit report, Plaintiff observed the Perpay Account and LJ Ross Account continued to appear in his credit file. Further, the LJ Ross Account was reported with a comment which indicated the account was previously in dispute and verified as accurate.

43.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

44.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

45.     Upon information and belief, Trans Union notified Perpay of Plaintiff's dispute. However, Perpay failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

46.     Upon information and belief, Trans Union notified LJ Ross of Plaintiff's dispute. However, LJ Ross failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

47.     On or about January 31, 2024, Plaintiff obtained a copy of his Experian credit report. Upon review, Plaintiff observed names which did not belong to him. Further, Plaintiff observed the Perpay Account continued to be reported with a status of charged off and balance of $592. Additionally, the LJ Ross continued to be reported with a past due balance of $993.

48.     On or about February 6, 2024, Plaintiff obtained a copy of his Trans Union credit report. Upon review, Plaintiff observed the Perpay Account continued

to be reported with a status of charged off and balance of $592. Further, the LJ Ross continued to be reported with a past due balance of $993.

49.    On or about February 16, 2024, Plaintiff submitted online a detailed written dispute letter to the CRAs regarding the inaccurate reporting. In the letter, Plaintiff explained the Perpay Account should be reported as paid and closed, and the LJ Ross Account was for a fraudulent balance and did not belong to Plaintiff. To confirm his identity, copies of his driver's license and Social Security card were included. Further, Plaintiff provided images of the erroneous reporting and images of his credit denial due to the inaccurate reporting.

50.    On or about March 6, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating the Perpay Account was verified as accurate. Plaintiff never received dispute results regarding the LJ Ross Account.

51.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

52.    Equifax never attempted to contact Plaintiff during the alleged investigation.

53.    Upon information and belief, Equifax notified Perpay of Plaintiff's dispute. However, Perpay failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

54.     Upon information and belief, Equifax notified LJ Ross of Plaintiff's dispute. However, LJ Ross failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

55.     On or about March 6, 2024, Experian responded to Plaintiff's detailed dispute letter by stating the Perpay Account was verified as accurate. Plaintiff never received dispute results regarding the LJ Ross Account. However, upon review of his updated credit report, Plaintiff observed a comment which stated the LJ Ross Account was "disputed by consumer, item remained unchanged after process dispute in Mar 2024".

56.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

57.     Experian never attempted to contact Plaintiff during the alleged investigation.

58.     Upon information and belief, Experian notified Perpay of Plaintiff's dispute. However, Perpay failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

59.     Upon information and belief, Experian notified LJ Ross of Plaintiff's dispute. However, LJ Ross failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

60.     On or about March 8, 2024, Trans Union responded to Plaintiff's detailed dispute letter by stating the LJ Ross Account was verified as accurate. Plaintiff never received dispute results regarding the Perpay Account. However, upon review of his updated credit report, Plaintiff observed the Perpay Account continued to be reported to his credit file.

61.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

62.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

63.     Upon information and belief, Trans Union notified Perpay of Plaintiff's dispute. However, Perpay failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

64.     Upon information and belief, Trans Union notified LJ Ross of Plaintiff's dispute. However, LJ Ross failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

65.     On or about March 19, 2024, Plaintiff reported the erroneous Perpay Account and LJ Ross Account to the Consumer Financial Protection Bureau ("CFPB"), File ID 240319-13660238, and he requested an investigation into the inaccurate reporting.

66.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as the CRAs, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

67.     As of the filing of this Complaint, Plaintiff is preparing to send additional detailed dispute letters to the CRAs regarding the continued inaccurate reporting of the Perpay Account and LJ Ross Account.

68.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continued to inaccurately report the erroneous Perpay Account and LJ Ross Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

69.     The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

70.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

71.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Reduction in credit score;

    v.    Denials for lines of credit and mortgage;

    vi.    Apprehensiveness to apply for new credit due to the fear of rejection; and

    vii.    Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Equifax Information Services LLC (Negligent)**

72.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

73.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

74.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

75.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

76.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

77.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

78.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

79.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

80.    Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

81.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

82.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

83.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

84.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

85.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

86.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

87.     Plaintiff provided Equifax with the information it needed to confirm that the Perpay tradeline should be reported as timely paid and the LJ Ross Account was fraudulent and did not belong to him. Equifax ignored this information and failed to respond to Plaintiff's disputes.

88.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

89.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

90.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual damages against Defendant, EQUIFAX

INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

91.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

92.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

93.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

94.     Plaintiff provided Equifax with the information it needed to confirm that the Perpay tradeline should be reported as timely paid and the LJ Ross Account was fraudulent and did not belong to him. Equifax ignored this information and failed to respond to Plaintiff's disputes.

95.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

96.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

97.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

98.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

99.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

100.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

101.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

102.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

103.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs;

award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

104.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

105.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

106.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

107.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

108.   The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

109.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

110.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

111.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

112.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

113.   Plaintiff provided Experian with the information it needed to confirm that the Perpay tradeline should be reported as timely paid and the LJ Ross Account was fraudulent and did not belong to him. Experian ignored this information and failed to respond to Plaintiff's disputes.

114.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

115.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

116.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual damages against Defendant, EXPERIAN

INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

117.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

118.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

119.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

120.   Plaintiff provided Experian with the information it needed to confirm that the Perpay tradeline should be reported as timely paid and the LJ Ross Account was fraudulent and did not belong to him. Experian ignored this information and failed to respond to Plaintiff's disputes.

121.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

122.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

123.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

124.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

125.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

126.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

127.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

128.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

129.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

130.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

131.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

132.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

133.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

134.   The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

135.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT XI**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Negligent)**

136.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

137.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

138. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

139. Plaintiff provided Trans Union with the information it needed to confirm that the Perpay tradeline should be reported as timely paid and the LJ Ross Account was fraudulent and did not belong to him. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

140. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

141. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

142. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC;

award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT XII**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

143.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

144.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to conduct reasonable reinvestigations into Plaintiff's disputes; (ii) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and/or (iii) failing to promptly delete inaccurate information in Plaintiff's credit file.

145.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

146.   Plaintiff provided Trans Union with the information it needed to confirm that the Perpay tradeline should be reported as timely paid and the LJ Ross Account was fraudulent and did not belong to him. Trans Union ignored this information and failed to respond to Plaintiff's disputes.

147.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

148.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

149.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Perpay, Inc. (Negligent)

150.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

151.   Perpay furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

152.   After receiving Plaintiff's disputes, Perpay violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

153.   Plaintiff provided all the relevant information and documents necessary for Perpay to have identified that the account status was inaccurate.

154.   Perpay knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

155.   Perpay violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

156.   As a direct result of this conduct, action, and/or inaction of Perpay, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

157.   The conduct, action, and inaction of Perpay was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

158.   Plaintiff is entitled to recover costs and attorney's fees from Perpay in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual damages against Defendant, PERPAY, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Perpay, Inc. (Willful)

159.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

160.   Perpay furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

161.   After receiving Plaintiff's disputes, Perpay violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and

lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

162.   Plaintiff provided all the relevant information and documents necessary for Perpay to have identified that the account status was inaccurate.

163.   Perpay knowingly chose to follow procedures which did not review, confirm, or verify the account status was accurate.

164.   Perpay violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

165.   As a direct result of this conduct, action, and/or inaction of Perpay, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

166.   The conduct, action, and inaction of Perpay was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

167.   Plaintiff is entitled to recover costs and attorney's fees from Perpay in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, PERPAY, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, L J Ross Associates, Inc. (Negligent)

168.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

169.   LJ Ross furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

170.   After receiving Plaintiff's disputes, LJ Ross violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

171.   Plaintiff provided all the relevant information and documents necessary for LJ Ross to have identified that the alleged debt was fraudulent.

172.   LJ Ross did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LJ Ross by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

173.   LJ Ross violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

174.   As a direct result of this conduct, action, and/or inaction of LJ Ross, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

175.   The conduct, action, and inaction of LJ Ross was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

176. Plaintiff is entitled to recover costs and attorney's fees from LJ Ross in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual damages against Defendant, L J ROSS ASSOCIATES, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, L J Ross Associates, Inc. (Willful)

177. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-one (71) above as if fully stated herein.

178. LJ Ross furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

179. After receiving Plaintiff's disputes, LJ Ross violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

180. Plaintiff provided all the relevant information and documents necessary for LJ Ross to have identified that the alleged debt was fraudulent.

181. LJ Ross did not have any reasonable basis to believe that Plaintiff was responsible for the account balance reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to LJ Ross by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

182. LJ Ross violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

183. As a direct result of this conduct, action, and/or inaction of LJ Ross, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

184.   The conduct, action, and inaction of LJ Ross was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

185.   Plaintiff is entitled to recover costs and attorney's fees from LJ Ross in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, L J ROSS ASSOCIATES, INC., jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, BROCK WILLIAM CURTS, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, PERPAY, INC., and L J ROSS ASSOCIATES, INC., jointly and severally;

attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

      DATED this 28th day of March 2024.

                          Respectfully submitted,

                          ***/s/ Octavio Gomez, Esq.***
                          Octavio Gomez, Esq.
                          Florida Bar No.: 0338620
                          Georgia Bar No.: 617963
                          Pennsylvania Bar No.: 325066
                          The Consumer Lawyers PLLC
                          412 E. Madison St. Ste 916
                          Tampa, Florida 33602
                          Telephone: 813.299.8537
                          Facsimile: 844.951.3933
                          Tav@TheConsumerLawyers.com
                          Lisa@TheConsumerLawyers.com
                          *Attorney for Plaintiff*